UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KIRK,<br><br>    Plaintiff,<br><br>v.<br><br>GENERAL INSURANCE COMPANY OF AMERICA, et al.,<br><br>    Defendants. | Case No. 23-cv-05506-HSG<br><br>**ORDER GRANTING MOTION TO REMAND AND TERMINATING MOTION TO DISMISS AS MOOT**<br><br>Re: Dkt. Nos. 11, 13 |

Pending before the Court is Plaintiff James Kirk's motion to remand. Dkt. No. 11. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court **GRANTS** the motion to remand. Accordingly, Defendant Mandy Esrock's motion to dismiss is **TERMINATED AS MOOT**. Dkt. No. 13.

I.   **BACKGROUND**

Plaintiff owns real property in San Francisco insured by Defendant General Insurance Company of America ("GICA"). *See* Dkt. No. 1, Ex. A ("Compl.") at ¶¶ 15–16.[1] He alleges that in October 2021, the property was flooded with water from a sink on the top floor, causing damage to a large portion of the home. *Id*. at ¶¶ 17–18. Plaintiff promptly provided notice of the loss to GICA. *Id*. at ¶ 17.

According to Plaintiff, over the following months, GICA's adjusters, including Esrock, "began lowballing the claim." *Id*. at ¶ 19. He explains that "lowballing" is a strategy GICA uses to offer the insured the lowest possible settlement offer first in hopes that the insured will accept

---

[1] In both the complaint and the motion to remand, Plaintiff refers to GICA as "Safeco." *See generally* Compl.; Dkt. No. 11.

it. *Id*. For example, Plaintiff alleges that Esrock misrepresented the policy benefits available to him, "falsely claiming that the damages would be no more than $400,000 and that Plaintiff would need to be 'cost effective' in the repairs." *Id*. at ¶ 20. In another effort to "lowball" the claim, GICA "falsely claimed that certain components and personal property could be cleaned or otherwise restored," but the items were actually not salvageable. *Id*. at ¶ 21. GICA's estimate of the structural loss was also a "lowball estimate," because GICA "intentionally" ignored relevant data in arriving at the amount and its adjusters never physically inspected the property. *Id*. at ¶ 22. In addition, Plaintiff alleges that Esrock negligently made several untrue representations, including "stating that certain replacement items were not covered, that Plaintiff was not entitled to an ACV payment pursuant to California law, and that Plaintiff was not entitled to reimbursement of his incurred [g]eneral [c]ontractor costs." *Id*. at ¶ 76. Accordingly, Plaintiff contends that GICA acted in bad faith in a willful attempt to injure him and his property rights under the policy so that he would be deterred from seeking benefits. *Id*. at ¶ 72. Plaintiff further alleges that these "malicious" and "oppressive" actions were conducted or ratified by Esrock, who "exercises substantial independent authority and judgment" in corporate decision-making such that her decisions "ultimately determine corporate policy." *Id*. at ¶ 73.

Based on these alleged facts, Plaintiff filed this action in San Francisco Superior Court on September 18, 2023. *See* Compl. He brings causes of action against GICA for breach of contract and breach of the covenant of good faith and fair dealing. *Id*. at ¶¶ 45–57. Plaintiff also brings an elder abuse cause of action against both GICA and Esrock, and a negligent misrepresentation cause of action against only Esrock. *Id*. at ¶¶ 58–81. GICA removed the case on October 25, 2023, arguing that Esrock was fraudulently joined and her citizenship should therefore be disregarded for purposes of diversity jurisdiction. *See* Dkt. No. 1 at 3–7.[2] Plaintiff moves to remand the case to state court. Dkt. No. 11.

## II.   LEGAL STANDARD

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a

---

[2] All references to page numbers in filings are to the ECF pagination at the top of the document.

1   State court of which the district courts of the United States have original jurisdiction, may be
2   removed" to federal court.  28 U.S.C. § 1441(a).  District courts have original jurisdiction over
3   civil actions between citizens of different states in which the amount in controversy exceeds
4   $75,000.  *See* 28 U.S.C. § 1332(a)(1).  To properly invoke diversity jurisdiction, the defendant
5   bears the burden of proving that the parties in the action are completely diverse, meaning that
6   "each plaintiff [is] of a different citizenship from each defendant."  *Grancare, LLC v. Thrower by*
7   *& through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).

8   However, a district court may disregard a non-diverse party and retain federal jurisdiction
9   if the party resisting removal can show that the non-diverse party was fraudulently joined.  *See*
10  *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).  Joinder is fraudulent "[i]f the
11  plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious
12  according to the settled rules of the state."  *Id.* (citations omitted).  However, there is a "general
13  presumption against fraudulent joinder," and defendants who assert that a party is fraudulently
14  joined carry a "heavy burden."  *Id.* at 1046 (citations omitted).

**III.   DISCUSSION**

The parties appear to agree that Esrock is a citizen of California.  *See* Compl. at ¶ 10; Dkt. No. 1 at 3; Dkt. No. 16 at 8.  Thus, ordinarily, her citizenship would defeat federal diversity jurisdiction because Plaintiff is also a citizen of California.  *See* Compl. at ¶ 8.  However, Defendants assert that Plaintiff fails to state negligent misrepresentation and elder abuse claims against Esrock, and that these claims cannot be remedied through amendment.  *See* Dkt. No. 16 at 8–16.  As such, Defendants contend that Esrock was fraudulently joined, such that her California citizenship should not defeat federal diversity jurisdiction.  *Id.*

The Ninth Circuit has clarified that there are two ways to establish fraudulent joinder:

> (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.

*Grancare*, 889 F.3d at 548 (citation omitted).  In the absence of actual fraud, therefore, a defendant must show that an individual "joined in the action cannot be liable on any theory."  *Id.*

3

1    (citation omitted).  "[I]f there is a *possibility* that a state court would find that the complaint states

2    a cause of action against any of the resident defendants, the federal court must find that the joinder

3    was proper and remand the case to the state court."  *Id.* (emphasis in original) (citation omitted).

4    In other words, joinder is only fraudulent if it is "obvious according to the settled rules of the state

5    that [the plaintiff] has failed to state a claim against [the resident defendant]."  *Hunter*, 582 F.3d at

6    1046.

7           The Ninth Circuit has explained that fraudulent joinder exists "where a defendant presents

8    extraordinarily strong evidence or arguments that a plaintiff could not possibly prevail on its

9    claims against the allegedly fraudulently joined defendant," including where "a plaintiff is barred

10   by the statute of limitations from bringing claims against that defendant."  *Grancare*, 889 F.3d at

11   548 (citations omitted).  By contrast, the Ninth Circuit has rejected fraudulent joinder claims

12   where "a defendant raises a defense that requires a searching inquiry into the merits of the

13   plaintiff's case, even if that defense, if successful, would prove fatal."  *Id.* at 548–49 (citing

14   *Hunter*, 582 F.3d at 1046).

15          Here, Defendants contend, *inter alia*, that Plaintiff has not stated—and cannot state as a

16   matter of law—a negligent misrepresentation claim against Esrock because her actions fell

17   exclusively within the course and scope of her employment.  *See* Dkt. No. 16 at 8–11.  Plaintiff

18   responds by citing *Bock v. Hansen*, 225 Cal. App. 4th 215, 231 (2014), for the proposition that

19   under California law, insurance claims adjusters can be held liable for negligent misrepresentation.

20   *See* Dkt. No. 11 at 9.  In *Bock*, the California Court of Appeal squarely held that "a cause of action

21   for negligent misrepresentation can lie against an insurance adjuster."  225 Cal. App. 4th at 231.

22          Defendants acknowledge the existence of *Bock*, but argue that its facts are distinguishable

23   from the allegations in this case.  *See, e.g.*, Dkt. No. 16 at 11, 13.  However, the proper inquiry is

24   not whether *Bock* is factually analogous, but whether it is "obvious according to the settled rules

25   of the state that [Plaintiff] has failed to state a claim against [Esrock]."  *Hunter*, 582 F.3d at 1046.

26          *Bock* makes plain that it is not obvious under California law that a negligent

27   misrepresentation claim cannot lie against Esrock.  Courts in this district, including this Court,

28   have come to the same conclusion in cases filed against insurance claims adjusters.  *See, e.g.*,

4

1    *Njoku v. Geico Ins. Co.*, No. 19-cv-07757-JST, 2020 WL 4915433, at *2 (N.D. Cal. May 6, 2020)
2    ("[m]ost district courts to directly consider *Bock*'s impact on negligent misrepresentation claims
3    against insurance adjusters . . . have held that 'the uncertainty surrounding the proper scope of
4    *Bock* indicates that [such claims are] not foreclosed by settled principles of California law and a
5    state court must determine whether [they] ha[ve] merit.'") (collecting cases); *Nido v. Nationwide*
6    *Mut. Ins. Co.*, No. 19-CV-07724-LHK, 2020 WL 1865324, at *5–6 (N.D. Cal. Apr. 14, 2020)
7    ("though *Bock* is one case, it is enough to 'demonstrate that it is not obvious under California law
8    that Plaintiffs cannot state a negligent misrepresentation claim'" against an insurance claims
9    adjuster); *Tucker v. Travelers Indem. Co. of Conn.*, No. 17-cv-04613-HSG, 2017 WL 10456186,
10   at *1 (N.D. Cal. Oct. 4, 2017) ("Regardless of whether *Bock* may represent a minority view among
11   California courts, the decision demonstrates that it is not obvious under California law that
12   Plaintiffs cannot state a negligent misrepresentation claim of the type they have alleged here
13   against [the insurance adjuster].").

14        Esrock is fraudulently joined for purposes of diversity jurisdiction only if Plaintiff's claims
15   against her are "wholly insubstantial and frivolous," such that there is no possibility that Plaintiff
16   could prevail. *Grancare*, 889 F.3d at 549. Defendants argue the complaint's defects are incurable
17   because Plaintiff will be unable to establish reliance or damages sufficient to state a negligent
18   misrepresentation cause of action against Esrock. *See* Dkt. No. 16 at 11–13, 15–16. Even
19   assuming, without deciding, that Plaintiff fails to state a claim against Esrock, it does not follow
20   that it would be *impossible* for Plaintiff to adequately plead a negligent misrepresentation claim if
21   given leave to amend. "[M]erely showing that an action is likely to be dismissed against the
22   purported sham defendant does not demonstrate fraudulent joinder." *Williams v. Wyndham*
23   *Vacation Ownership*, No. 13-cv-05088-WHO, 2014 WL 457835, at *4 (N.D. Cal. Jan. 31. 2014);
24   *see also Nead v. State Farm Mut. Auto. Ins. Co.*, No. 23-cv-04156-JSC, 2023 WL 6959131, at *3
25   (N.D. Cal. Oct. 20, 2023) ("While it appears likely Plaintiffs will be unable to plead a negligent
26   misrepresentation claim against the adjusters, Defendants have not met their heavy burden of
27   showing there is *no possibility* they will be able to do so.") (emphasis in original). "Rather,
28   '[w]here there exists a non-fanciful possibility that Plaintiff can state a claim under California law

against the non-diverse defendant, the Court must remand this case to state court.'" *Apex Sols., Inc. v. Falls Lake Nat'l Ins. Co*., No. 21-cv-05496-HSG, 2021 WL 5102157, at *3 (N.D. Cal. Nov. 3, 2021) (citation omitted).

Accordingly, the Court finds that Defendants have failed to meet their "heavy burden" of establishing fraudulent joinder. *See Hunter*, 582 F.3d at 1046. Because there is not complete diversity of citizenship, the Court lacks subject-matter jurisdiction, and thus **GRANTS** the motion to remand.

## IV. CONCLUSION

The Court **GRANTS** the motion to remand, Dkt. No. 11, and **REMANDS** the case to San Francisco County Superior Court. Esrock's motion to dismiss is **TERMINATED AS MOOT**. Dkt. No. 13. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: May 20, 2024

HAYWOOD S. GILLIAM, JR.
United States District Judge

6